UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JEROME CURRY,

                                    Plaintiff,                              **ORDER**

          v.
                                                                            **04-CV-649E(F)**

A. TOUSIGNANT, et al.,

                                    Defendants.

_____

          Plaintiff has applied to the Court for appointment of counsel pursuant to 28

U.S.C. § 1915(e).  There is no constitutional right to appointed counsel in civil cases.

However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent

litigants.  *See, e.g.*, Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865

F.2d 22, 23 (2d Cir. 1988).  Assignment of counsel in this matter is clearly within the

judge's discretion.  In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1984).  The factors

to be considered in deciding whether or not to assign counsel include the following:

     1.  Whether the indigent's claims seem likely to be of substance;

     2.  Whether the indigent is able to investigate the crucial facts concerning his
     claim;

     3.  Whether conflicting evidence implicating the need for cross-examination will
     be the major proof presented to the fact finder;

     4.  Whether the legal issues involved are complex; and

     5.  Whether there are any special reasons why appointment of counsel would
     be more likely to lead to a just determination.

Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997); *see also* Hodge v. Police

Officers, 802 F.2d 58 (2d Cir. 1986).

          The Court must consider the issue of appointment carefully, of course, because

"every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, Hendricks, 114 F.3d at 392; Cooper, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law. Plaintiff alleges that he received inadequate medical treatment for a foot injury. Based on this review, plaintiff's motion for appointment of counsel is denied without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: August 29, 2005
      Buffalo, New York